Abraham N. Geller, J.
The letters of defendant’s attorney dated October 23, 26 and 27, 1965 are treated as an application for re argument with respect to the credit claimed for the sum of $250 paid as a condition for a second adjournment of the motion for temporary alimony. Under the circumstances presented, defendant is entitled to such credit. However, the commencement date of the payment of alimony and support, set forth in the order dated October 8, 1965 as August 30, 1965, the original return date of the motion, is fixed as August 16, 1965, the date of service of the motion papers.
The practice generally has been to provide for temporary alimony to commence as of the return date of the motion (see Matthews v. Matthews, 73 N. Y. S. 2d 659, citing Kulikov v. Kulikov, 254 App. Div. 741). However, the rule was actually stated to be that the court was without power to direct payment from a date prior to the date of the notice of motion (Kulikov v. Kulikov, supra; Maddren v. Maddren, 224 App. Div. 863). The rule has recently been set forth in more precise jurisdictional terms in Miceli v. Miceli (285 App. Div. 1187): “Temporary alimony could not be directed to begin prior to the date of the institution of the action and prior to the date of service of the motion papers for that relief. ’ ’
The fact that plaintiff may have subsequently served a supplemental affidavit does not affect the power of the court to require in its discretion payment in accordance with the rule, if warranted by the circumstances.
■ The order dated October 8, 1965 is accordingly modified as herein indicated with respect to commencement date of temporary alimony and support and credit to defendant for the $250 payment.